JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MONTIE HIBBERT, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.:** |
| **v.** | **CLASS ACTION COMPLAINT** |
| **CHRISTMAS TREE SHOPS, LLC,** | |
| **Defendant.** | |

Montie Hibbert ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover untimely wage compensation for Plaintiff and similarly situated non-exempt hourly store positions such as customer support receiving, customer checkout, customer experience sales, and overnight replenishment (collectively, "Hourly Workers") who work or have worked as manual workers for Christmas Tree Shops, LLC ("Christmas" or "Defendant") in New York State.

2.     Defendant operates a chain of discount stores located in 21 states.  Defendant has 13 stores in New York State.

3.     Upon information and belief, during the relevant statute of limitations period Defendant has employed hundreds of Hourly Workers in New York State.

4.     At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers on a bi-weekly basis.

5.     Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6.     In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similar Hourly Workers.

7.     Plaintiff brings this action on behalf of himself and all other similar Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL"), Article 6, § 191.

## THE PARTIES

### Plaintiff

8.     Montie Hibbert ("Hibbert" or "Plaintiff") is an adult individual who is a citizen of the State of New York.

9.     Hibbert was employed by Defendant as a Customer Support Receiving employee at the Christmas Tree Shops store located in Hartsdale, New York from approximately October 2021 to November 2021.

10.    Plaintiff was a covered employee within the meaning of the NYLL.

### Defendant

11.    Defendant is a foreign limited liability company organized and existing under the laws of Massachusetts.

12.     Defendant's principal executive office is located in Massachusetts.

13.     Upon information and belief, Defendant is a citizen of Massachusetts.   Upon information and belief, Defendant's sole member is Handil Holdings, LLC, a limited liability company organized and existing under the laws of Delaware and owned by Marc Salkowitz and Pamela Salkowitz, who, upon information and belief, reside in Sudbury, MA.

14.     Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

15.     Defendant has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

16.     Defendant applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## <u>JURISDICTION AND VENUE</u>

17.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

18.     The great majority, if not all, members of the proposed class are citizens of states different from that of Defendant.

19.     There are over 100 members in the proposed class.

20.     Defendant is subject to personal jurisdiction in New York.

21.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings the NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Defendant in New York between the date six years before the commencement of this action and the date of final judgment in this matter (the "Class")

23.     The members of the Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

24.     Upon information and belief, Defendant currently employs more than one Hourly Workers in New York.

25.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

26.     Plaintiff and the Class have all been injured in that they have been compensated in an untimely manner due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class.

27.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

28.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

30.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff and/or each member of the Class individually and include, but are not limited to, whether Defendant compensated Plaintiff and the Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

31.     Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

32.     Plaintiff was employed by Defendant as an Hourly Worker at the Christmas Tree Shops store located in Hartsdale, New York.

33.     During his employment, over twenty-five percent of Plaintiff's duties were physical tasks, including but not limited to unloading trucks, opening boxes, affixing pricing stickers to products, stocking shelves, rearranging shelves, sweeping floors, helping customers load cars, and continuously standing and walking throughout his shift.

34.     Other Hourly Worker similarly spent more than twenty-five percent of their worktime performing physical labor, including the aforementioned tasks as well as cashier duties.

35.     Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Defendant paid Plaintiff on a biweekly basis.  For example, the paycheck issued to Plaintiff on November 24, 2021 covered the two-week period of November 7 to 20, 2021.

36.     Thus, even though Plaintiff worked the week of November 7 to 13, 2021, Defendant failed to pay Plaintiff his wages earned in that week by November 20, 2021, as required by NYLL 191(1)(a).

37.     Defendant committed the foregoing violations against Plaintiff and the Class.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the Class)**

38.     Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

39.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

40.     Defendant failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).

41.     Due to Defendant's violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully requests that this Court grant the following relief:

A.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C.    Liquidated damages permitted by law pursuant to the NYLL;

D.    Pre-judgment and post-judgment interest;

E.    Reasonable attorneys' fees and costs of the action; and

F.    Such other relief as this Court shall deem just and proper.


Dated: New York, New York                    Respectfully submitted,
       December 9, 2021                          JOSEPH & KIRSCHENBAUM LLP

                                   By:  */s/ D. Maimon Kirschenbaum*
                                       D. Maimon Kirschenbaum
                                       Denise A. Schulman
                                       32 Broadway, Suite 601
                                       New York, NY 10004
                                       Tel: (212) 688-5640
                                       Fax: (212) 981-9587